

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-24-2009

# Rashford Galloway v. Warden FCI Fort Dix

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Rashford Galloway v. Warden FCI Fort Dix" (2009). *2009 Decisions.* Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3570
_____

RASHFORD E. GALLOWAY,
                                        Appellant
                    v.

WARDEN OF F.C.I. FORT DIX
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-03692)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Opinion filed: December 24, 2009)
_____

OPINION
_____

PER CURIAM.

        Rashford Galloway appeals from an order of the United States District

Court for the District of New Jersey, which denied his petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  Because the appeal raises no substantial question, we will

1

affirm the District Court's order.

Galloway is confined at the Federal Correctional Institution at Fort Dix. He is currently serving a 150-month sentence imposed by the United States District Court for the Western District of North Carolina. Galloway filed this petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, the district of his confinement. In his petition Royal asserts that he was not given credit for the time that he was confined at the Northeast Ohio Correctional Center ("NOCC").[1] The District Court dismissed his petition after concluding that Galloway sought relief available under 28 U.S.C. § 2255, and that his petition thus should have been filed in the sentencing court. The District Court held in the alternative that his petition, if construed as a 28 U.S.C. § 2241 petition, should be dismissed because Galloway did not exhaust his administrative remedies.

Galloway's claim that he should receive credit for time served in NOCC is proper under 28 U.S.C. § 2241 because he is challenging the execution of his sentence. See Queen v. Miner, 530 F.3d 253, 255 n.2 (3d. Cir. 2008); Vega v. United States, 493 F.3d 310, 313-14 (3d. Cir. 2007). However, because Galloway did not exhaust his administrative remedies, as he concedes in his notice of appeal, his petition properly was dismissed for failure to exhaust. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000)

---

[1] The District Court noted that it is unclear whether Galloway spent time at NOCC, but presumed that Galloway had been incarcerated at that facility during his current sentence.

2

("we have consistently applied an exhaustion requirement to claims brought under § 2241").

For the foregoing reasons, we will summarily affirm the order of the District Court.